IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JULIAN LOPEZ, JR.,

    Defendant.

Case No. 05-CR-10223-JTM
07-CV-01049-JTM

MEMORANDUM AND ORDER

The present matter arises from defendant's motion to dismiss pursuant to 28 U.S.C. § 2255. For the following reasons, the court denies defendant's motion.

The United States charged defendant on November 16, 2006, in an indictment with two counts of possession of a firearm as a felon in violation of 18 U.S.C. § 922(g) (Counts 2 & 5); misdemeanor possession of cocaine in violation of 21 U.S.C. § 844 (Count 4); possession of 3.6 kilograms of marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b) (Count 1); and possession of a firearm in connection with drug trafficking in violation of 18 U.S.C. § 924 (Count 3). The defendant pled guilty to Counts 2, 4, and 5 on March 13, 2006. In so pleading, the defendant negotiated an agreement with the government to dismiss counts 1 and 3, the latter of which carried a mandatory, consecutive sentence of five years. In signing the Petition to Enter Plea, the defendant acknowledged that the sentencing guidelines were advisory and that he understood the judge could select a sentence within or outside of the guideline range.

Additionally, the defendant acknowledged in the plea agreement and in his Petition to Enter Plea, that his plea was voluntary and that sentence ultimately rested with the judge.

On May 30, 2006, the court sentenced defendant to a combined term of 46 months in prison, which was the low end of the 46 to 57 month guideline range. In determining the sentence, the defendant received a three level reduction in his offense level for acceptance of responsibility. However, his offense level was increased four levels. The defendant filed the present motion on February 20, 2007.

Defendant argues that he received ineffective assistance of counsel for several reasons: (1) that counsel did not file or argue motions; (2) that counsel failed to object to an enhanced sentence; (3) that counsel made him plead guilty despite his innocence; and (4) that counsel advised defendant that he had no defense.

Under *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004), a defendant's waiver of his appellate rights is binding when (1) the scope of the waiver covers the present appeal; (2) the waiver was knowing and voluntary; and (3) enforcement of the waiver would not result in a miscarriage of justice. *Id*. at 1325. When a defendant premises his § 2255 motion on ineffective assistance of counsel, miscarriage of justice is demonstrated when the ineffective assistance is "in connection with the negotiation of the waiver." *Id*. at 1327. ". . . [A] plea agreement waiver of post-conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver. Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." *U.S. v. Cockerham*, 237 F.3d 1179, 1187 (2001).

Paragraph 9 of the defendant's plea agreement states:

> **Waiver of Appeal and Collateral Attack.** Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

The defendant acknowledged that he was not threatened or coerced into entering into the plea agreement, nor was he promised anything not set out in the plea agreement. Additionally, he stated under oath that he understood and agreed to the plea agreement. The plea agreement binds the defendant to its terms and conditions, including the waiver of his right to appeal the sentence. The only exceptions are if the court had departed upward, or if the United States exercised its right to appeal. Neither occurred here.

The defendant may collaterally attack the sentence if he claims ineffective assistance of counsel in connection with the negotiation of the waiver. Defendant cannot demonstrate that he received ineffective assistance of counsel. Contrary to defendant's argument that counsel did not file motions, the record notes that counsel filed numerous motions, including a motion to

discover the detection dog information, a motion to sever and a motion to suppress the evidence, though the motions were ultimately withdrawn pursuant to the plea agreement.  Nor did the court enhance defendant's sentence.  The court, consistent with the sentencing guidelines, increased defendant's offense level four levels because on two separate occasions, the defendant possessed both guns and drugs in his car.  These facts were included in defendant's admission of guilt as reflected in the plea agreement.  The court sentenced defendant to 46 months based on his offense level and criminal history.  The 46 month sentence was not only within the guideline range of 46 to 57 months, it is the low end of the range.

Finally, defendant's remaining arguments lack merit because the defendant entered into the plea agreement knowingly and voluntarily.  Therefore, the court denies defendant's motion to vacate under 28 U.S.C. § 2255.

IT IS ACCORDINGLY ORDERED this 27th day of March, 2007, that defendant's motion to vacate (Dkt. No. 26) is denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE