IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

           vs.                                  Case No. 05-10223-JTM

JULIAN LOPEZ, JR.,

           Defendant.

## MEMORANDUM AND ORDER

Presently before the court is defendant Julian Lopez Jr.'s (Lopez's) motion for retroactive application of sentencing guidelines to crack cocaine offenses (Dkt. No. 31). For the following reasons, the motion is denied.

### I. Procedural History

Lopez was charged on November 16, 2006, with two counts of felon in possession of a firearm in violation of 18 U.S.C §922(g) (Cts 2 & 5); misdemeanor possession of cocaine in violation of 21 U.S.C §844 (Ct. 4); possession of 3.6 kilograms of marijuana with the intent to distribute in violation of 21 U.S.C. §841(a)(1) & (b)(Ct. 1); and possession of a firearm in connection with drug trafficking in violation of 18 U.S.C. §924 (Ct. 3). (Dkt. No. 1). On March 13, 2006, Lopez entered pleas of guilty to counts 2, 4 and 5. (Dkt. No. 20). In doing so, Lopez bargained for various benefits, including the agreement by the government to dismiss counts 1 and 3, the latter of which carried a mandatory, consecutive sentence of five (5) years. (Dkt. No.

20).  The parties also agreed to ask the court for "Application of the Advisory Sentencing Guidelines", as stated in ¶ 3 of the plea agreement. (Dkt. No. 20).

In voluntarily signing the petition to enter a guilty plea, Lopez acknowledged that the guidelines were advisory, and that he understood the judge could select any sentence within the guideline range. (Dkt. No. 20).  The plea agreement set forth that the maximum sentences which may be imposed as to the counts 2, 4 and 5 to which Lopez had agreed to plead guilty, including the maximum of 10 years in prison for counts 2 and 5, and; not less than 15 days nor more than two (2) years, with a mandatory minimum fine of $2,500 for count 4.  (Dkt. No. 20).

Further, in the plea agreement, Lopez "agrees that the conduct charged in any dismissed counts of the above mentioned indictments is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level for Counts 2, 4 and 5 in accordance with advisory United States Sentencing Guidelines (U.S.S.G) § 1B1.3. . ." (Dkt. No. 20, p. 13).  Also, Lopez "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. . . . The defendant also waives any right to challenge a sentence ...or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F. 3d 1179, 1187 (10th Cir. 2001)]" .

On May 30, 2006, Lopez was sentenced to a combined term of 46 months in prison, within the guideline range of 46 to 57 months as determined in the Pre Sentence Report (PSR) for a level 21, criminal history category III.  The defendant had been credited with three (3) levels off for acceptance of responsibility, but given four (4) levels more under §2K2.1(b)(5) because of

a weapon being held in connection with another crime. This was a specific offense characteristic determined under the United States Sentencing Guidelines, as agreed upon by the parties.

On February 20, 2007, Lopez filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied by the court on March 28, 2007. The present motion was recently filed.

## II. Analysis

Lopez challenges the criminal history computation of two of his arrests that are set out in the PSR, and asserts that these two cases in Municipal Court are related and, therefore, should have been counted as a single incident. In his motion, Lopez incorrectly states that both citations were issued on the same date during the same traffic stop, and thus should have counted as only one point for both, not one point each. In truth, however, the date on the PSR of February 24, 2000, is the date of the arrest, not of the occurrence of the underlying offenses. When Lopez committed the offenses, he was not arrested on either one of them, and instead was merely given a citation (cited on July 30, 1998, in case no. 00TM3731, and cited on December 31, 1998, in case no. 00TM3730). It was not until February 24, 2000, that Lopez was arrested on both of these cases after failing to resolve them. Accordingly, these two incidents were separated by two intervening citations, consolidated for sentences purposes only, and thus do not meet the definition of related cases. *See United States v. Tisdale*, 248 F.3d 964, 982 (10th Cir. 2001).

Further, Lopez references a change in the guidelines regarding the manner in which related cases are to be treated, which became effective on November 1, 2007. The change, however, was not made retroactive, and thus has no bearing on Lopez's case.

IT IS ACCORDINGLY ORDERED this 10th day of April, 2008, that defendant Lopez's motion for retroactive application of sentencing guidelines to crack cocaine offenses (Dkt. No. 31) is denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE